UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

------------------------------------------------------------------------x

Jeffrey Brown,

               Plaintiff,                   **C.A. No.:**

    -against-                      **DEMAND FOR JURY TRIAL**

Equifax Information Services, LLC,
TransUnion, LLC,
American Credit Acceptance, LLC,
Byrider Finance, LLC d/b/a CNAC,
Scana Energy Marketing LLC,

               Defendant(s).
------------------------------------------------------------------------x

## COMPLAINT

Plaintiff Jeffrey Brown ("Plaintiff"), by and through his attorneys, and as for his Complaint against Defendant Equifax Information Services, LLC ("Equifax"), Defendant TransUnion, LLC ("Transunion"), Defendant American Credit Acceptance, LLC ("ACA"), Defendant Byrider Finance, LLC d/b/a CNAC ("CNAC"), and Defendant Scana Energy Marketing, LLC ("Scana") respectfully sets forth, complains, and alleges, upon information and belief, the following:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq.* The Court also has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) being that the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

3. Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violations of 15 U.S.C. § 1681 *et seq.*, commonly known as the Fair Credit Reporting Act ("FCRA").

## PARTIES

4. Plaintiff is a resident of the State of Georgia, County of Newton, residing at 135 Thrasher Road, Covington, GA 30016.

5. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

6. Defendant Equifax Information Services, LLC is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Equifax is a

Georgia corporation and may be served with process upon Lisa Stockard, its registered agent for service of process at 1550 Peachtree St. NE, Atlanta, GA 30309.

7.  At all times material here to Equifax is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681d to third parties.

8.  At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

9.  Defendant TransUnion, LLC is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Transunion is a Delaware corporation registered to do business in the State of Georgia, and may be served with process upon the Prentice Hall Corporation System, Inc., its registered agent for service of process at 40 Technology Parkway South, #300, Norcross, GA, 30092.

10. At all times material here to Transunion is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681d to third parties.

11. At all times material hereto, Transunion disbursed such consumer reports to third parties under a contract for monetary compensation.

12. Defendant American Credit Acceptance, LLC is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2.

13. Defendant ACA is a South Carolina corporation with an address for service in Georgia c/o CT Corporation System, its registered agent for service of process at 289 S. Culver Street, Lawrenceville, GA 30046.

14. Defendant Byrider Finance, LLC d/b/a CNAC is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2.

15. Defendant CNAC is located at 12802 Hamilton Crossing Blvd, Carmel, IN, 46032.

16. Defendant Scana Energy Marketing, LLC is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2.

17. Defendant Scana is a South Carolina corporation with an address for service in Georgia c/o CT Corporation System, its registered agent for service of process at 289 S. Culver Street, Lawrenceville, GA 30046.

## FACTUAL ALLEGATIONS

18. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

## ACA Dispute and Violation

19. On information and belief, on a date better known to Defendant Equifax, Equifax prepared and issued credit reports concerning the Plaintiff that included inaccurate information relating to his ACA debt.

20. The inaccurate information furnished by Defendant ACA and published by the Equifax is inaccurate since it contains a misstated past due balance, specifically a past due balance that is higher than the total balance owed.

21. Equifax has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

22. Plaintiff notified Equifax that he disputed the accuracy of the information that Equifax was reporting, on or around December 28, 2018, via dispute letter.

23. It is believed and therefore averred that Equifax notified Defendant ACA of the Plaintiff's dispute.

24. Upon receipt of the dispute of the account from the Plaintiff by Equifax, ACA failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed account.

25. Additionally, Defendant ACA failed to continuously mark the account as disputed despite receiving notice of the Plaintiff's dispute.

26. Despite the dispute by the Plaintiff that the information on his consumer report was inaccurate with respect to the dispute account, Equifax did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

27. The Bureaus violated 15 U.S. Code § 1681i (a)(1)(A) by failing to conduct a reasonable investigation and failed to delete or correct the disputed trade lines within 30 days of receiving Plaintiff's dispute letter.

28. Notwithstanding Plaintiff's efforts, Equifax failed to timely respond to Plaintiff's dispute as required under the FCRA.

29. As a result of Defendants' failure to comply with the FCRA, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on applications for future credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

## CNAC Dispute and Violation

30. On information and belief, on a date better known to Defendant Transunion, Transunion prepared and issued credit reports concerning the Plaintiff that included inaccurate information relating to his CNAC debt.

31. The inaccurate information furnished by Defendant CNAC and published by the Transunion is inaccurate since it contains a misstated balance higher than what he owes.

32. Transunion has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

33. Plaintiff notified Transunion that he disputed the accuracy of the information that Transunion was reporting, on or around December 28, 2018, via dispute letter.

34. It is believed and therefore averred that Transunion notified Defendant CNAC of the Plaintiff's dispute.

35. Upon receipt of the dispute of the account from the Plaintiff by Transunion, CNAC failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed account.

36. Additionally, Defendant CNAC failed to continuously mark the account as disputed despite receiving notice of the Plaintiff's dispute.

37. Despite the dispute by the Plaintiff that the information on his consumer report was inaccurate with respect to the dispute account, Transunion did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

38. The Bureaus violated 15 U.S. Code § 1681i (a)(1)(A) by failing to conduct a reasonable investigation and failed to delete or correct the disputed trade lines within 30 days of receiving Plaintiff's dispute letter.

39. Notwithstanding Plaintiff's efforts, Defendant Transunion sent Plaintiff correspondence indicating their intent to continue publishing the inaccurate information and Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

40. As a result of Defendants' failure to comply with the FCRA, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on applications for future credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

Scana Dispute and Violation

41. On information and belief, on a date better known to Defendant Equifax, Equifax prepared and issued credit reports concerning the Plaintiff that included inaccurate information relating to his SCANA debt.

42. The inaccurate information furnished by Defendant SCANA and published by the Equifax is inaccurate since it contains a balance, when the Plaintiff states he does not owe any money.

43. Equifax has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

44. Plaintiff notified Equifax that he disputed the accuracy of the information that Equifax was reporting, on or around December 28, 2018, via dispute letter.

45. It is believed and therefore averred that Equifax notified Defendant SCANA of the Plaintiff's dispute.

46. Upon receipt of the dispute of the account from the Plaintiff by Equifax, SCANA failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed account.

47. Additionally, Defendant SCANA failed to continuously mark the account as disputed despite receiving notice of the Plaintiff's dispute.

48. Despite the dispute by the Plaintiff that the information on his consumer report was inaccurate with respect to the dispute account, Equifax did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

49. The Bureaus violated 15 U.S. Code § 1681i (a)(1)(A) by failing to conduct a reasonable investigation and failed to delete or correct the disputed trade lines within 30 days of receiving Plaintiff's dispute letter.

50. Notwithstanding Plaintiff's efforts, Equifax failed to timely respond to Plaintiff's dispute as required under the FCRA.

51. As a result of Defendants' failure to comply with the FCRA, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on applications for future credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

## FIRST CAUSE OF ACTION

### (Willful Violation of the FCRA as to Equifax)

52. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

53. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*

54. Equifax violated 15 U.S.C. § 1681e by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Equifax maintained concerning the Plaintiff.

55. Equifax has willfully and recklessly failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

   c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d) The failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

h) The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

56. As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

57. The conduct, action and inaction of Equifax was willful rendering Equifax liable for actual, statutory and punitive damages in an amount to be determined by a Judge/ and or Jury pursuant to 15 U.S.C. § 1681n.

58. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Jeffrey Brown, an individual, demands judgment in his favor against Defendant, Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## SECOND CAUSE OF ACTION
### (Negligent Violation of the FCRA as to Equifax)

59. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

60. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

61. Equifax violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

62. Equifax has negligently failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d) The failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

h) The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

63. As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

64. The conduct, action and inaction of Equifax was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

65. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Jeffrey Brown, an individual, demands judgment in his favor against Defendant, Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## **THIRD CAUSE OF ACTION**

### **(Willful Violation of the FCRA as to Transunion)**

66. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

67. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

68. Transunion violated 15 U.S.C. § 1681e by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Transunion maintained concerning the Plaintiff.

69. Transunion has willfully and recklessly failed to comply with the Act. The failure of Transunion to comply with the Act include but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

   c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

   d) The failure to promptly and adequately investigate information which Defendant Transunion had notice was inaccurate;

   e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f)  The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g)  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Transunion to delete;

h)  The failure to take adequate steps to verify information Transunion had reason to believe was inaccurate before including it in the credit report of the consumer.

70. As a result of the conduct, action and inaction of Transunion, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

71. The conduct, action and inaction of Transunion was willful rendering Transunion liable for actual, statutory and punitive damages in an amount to be determined by a Judge/ and or Jury pursuant to 15 U.S.C. § 1681n.

72. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Jeffrey Brown, an individual, demands judgment in his favor against Defendant, Transunion, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## FOURTH CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Transunion)

73. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

74. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

75. Transunion violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

76. Transunion has negligently failed to comply with the Act. The failure of Transunion to comply with the Act include but are not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d) The failure to promptly and adequately investigate information which Defendant Transunion had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Transunion to delete;

h) The failure to take adequate steps to verify information Transunion had reason to believe was inaccurate before including it in the credit report of the consumer.

77. As a result of the conduct, action and inaction of Transunion, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from

credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

78. The conduct, action and inaction of Transunion was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

79. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Jeffrey Brown, an individual, demands judgment in his favor against Defendant, Transunion, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## FIFTH CAUSE OF ACTION

### (Willful Violation of the FCRA as to Defendant ACA)

80. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

81. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

82. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

83. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

84. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above listed above must report the results to other agencies which were supplied such information.

85. The Defendant ACA violated 15 U.S.C. § 1681s2-b by the publishing of the Account Liability Representation; by failing to fully and properly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

86. Specifically, the Defendant ACA continued to report this account on the Plaintiff's credit report after being notified of his dispute regarding the improper past due balance.

87. Additionally, Defendant ACA failed to continuously mark the account as disputed despite receiving notice of the Plaintiff's dispute.

88. As a result of the conduct, action and inaction of the Defendant ACA, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

89. The conduct, action and inaction of Defendant ACA was willful, rendering Defendant ACA liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

90. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant ACA in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Jeffrey Brown, an individual, demands judgment in his favor against Defendant ACA for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## SIXTH CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Defendant ACA)

91. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

92. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

93. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

94. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

95. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above-named Defendant must report the results to other agencies which were supplied such information.

96. Defendant ACA is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s2-b.

97. After receiving the Dispute Notice from Equifax, Defendant ACA negligently failed to conduct its reinvestigation in good faith.

98. A reasonable investigation would require a furnisher such as Defendant ACA to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

99. Additionally, Defendant ACA failed to continuously mark the account as disputed despite receiving notice of the Plaintiff's dispute.

100. The conduct, action and inaction of Defendant ACA was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

101. As a result of the conduct, action and inaction of the Defendant ACA, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

102. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant ACA in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Jeffrey Brown, an individual, demands judgment in his favor against Defendant ACA, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## SEVENTH CAUSE OF ACTION

**(Willful Violation of the FCRA as to Defendant CNAC)**

103.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

104.     This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

105.     Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

106.     The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above listed above must report the results to other agencies which were supplied such information.

107. The Defendant CNAC violated 15 U.S.C. § 1681s2-b by the publishing of the Account Liability Representation; by failing to fully and properly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

108. Specifically, the Defendant CNAC continued to report this account on the Plaintiff's credit report after being notified of his dispute regarding the account balance.

109. Additionally, Defendant CNAC failed to continuously mark the account as disputed despite receiving notice of the Plaintiff's dispute.

110. As a result of the conduct, action and inaction of the Defendant CNAC, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

111. The conduct, action and inaction of Defendant CNAC was willful, rendering Defendant ACA liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

112.    The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant CNAC in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Jeffrey Brown, an individual, demands judgment in his favor against Defendant CNAC for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## EIGHTH CAUSE OF ACTION
### (Negligent Violation of the FCRA as to Defendant CNAC)

113.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

114.    This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

115.    Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

116.    Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely

investigation of the disputed information and review all relevant information provided by the agency.

117.     The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above-named Defendant must report the results to other agencies which were supplied such information.

118.     Defendant CNAC is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s2-b.

119.     After receiving the Dispute Notice from Transunion, Defendant CNAC negligently failed to conduct its reinvestigation in good faith.

120.     A reasonable investigation would require a furnisher such as Defendant CNAC to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

121.     Additionally, Defendant CNAC failed to continuously mark the account as disputed despite receiving notice of the Plaintiff's dispute.

122.     The conduct, action and inaction of Defendant CNAC was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

123.    As a result of the conduct, action and inaction of the Defendant CNAC, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

124.    The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant CNAC in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Jeffrey Brown, an individual, demands judgment in his favor against Defendant CNAC, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## NINTH CAUSE OF ACTION

### (Willful Violation of the FCRA as to Defendant Scana)

125.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

126.    This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

127.    Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

128.    Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

129.    The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above listed above must report the results to other agencies which were supplied such information.

130.    The Defendant Scana violated 15 U.S.C. § 1681s2-b by the publishing of the Account Liability Representation; by failing to fully and properly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

131.    Specifically, the Defendant Scana continued to report this account on the Plaintiff's credit report after being notified of his dispute regarding the account balance.

132.     Additionally, Defendant Scana failed to continuously mark the account
as disputed despite receiving notice of the Plaintiff's dispute.

133.     As a result of the conduct, action and inaction of the Defendant Scana,
the Plaintiff suffered damage for the loss of credit, loss of the ability to
purchase and benefit from credit, and the mental and emotional pain, anguish,
humiliation and embarrassment of credit denials.

134.     The conduct, action and inaction of Defendant Scana was willful,
rendering Defendant ACA liable for actual, statutory and punitive damages
in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

135.     The Plaintiff is entitled to recover reasonable costs and attorney's fees
from Defendant Scana in an amount to be determined by the Court pursuant
to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Jeffrey Brown, an individual, demands judgment in his
favor against Defendant Scana for damages together with attorney's fees and court
costs pursuant to 15 U.S.C. § 1681n.

## TENTH CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Defendant Scana)

136.     Plaintiff incorporates by reference all of the above paragraphs of this
Complaint as though fully stated herein with the same force and effect as if
the same were set forth at length herein.

137.    This is an action for negligent violation of the Fair Credit Reporting Act

U.S.C. § 1681 *et seq*.

138.    Pursuant to the Act, all person who furnished information to reporting

agencies must participate in re-investigations conducted by the agencies

when consumers dispute the accuracy and completeness of information

contained in a consumer credit report.

139.    Pursuant to the Act, a furnisher of disputed information is notified by

the reporting agency when the agency receives a notice of dispute from a

consumer such as the Plaintiff. The furnisher must then conduct a timely

investigation of the disputed information and review all relevant information

provided by the agency.

140.    The results of the investigation must be reported to the agency and, if

the investigation reveals that the original information is incomplete or

inaccurate, the information from a furnisher such as the above-named

Defendant must report the results to other agencies which were supplied such

information.

141.    Defendant Scana is liable to the Plaintiff for failing to comply with the

requirements imposed on furnishers of information pursuant to 15 U.S.C.

§ 1681s2-b.

142.   After receiving the Dispute Notice from Equifax, Defendant Scana negligently failed to conduct its reinvestigation in good faith.

143.   A reasonable investigation would require a furnisher such as Defendant Scana to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

144.   Additionally, Defendant Scana failed to continuously mark the account as disputed despite receiving notice of the Plaintiff's dispute.

145.   The conduct, action and inaction of Defendant Scana was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

146.   As a result of the conduct, action and inaction of the Defendant Scana, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

147.   The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant Scana in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Jeffrey Brown, an individual, demands judgment in his favor against Defendant Scana, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## DEMAND FOR TRIAL BY JURY

148.    Plaintiff demands and hereby respectfully requests a trial by jury for

all claims and issues this complaint to which Plaintiff is or may be entitled

to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be

awarded for each negligent violation as alleged herein;

b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c) For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

d)  For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e) For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

f) For attorney fees and costs provided and pursuant to 15 U.S.C.

§ 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

g) For any such other and further relief, as well as further costs, expenses

and disbursements of this action as this Court may deem just and proper.

Dated:  November 18, 2020

s/ Misty Oaks Paxton
By:  Misty Oaks Paxton, Esq.
3895 Brookgreen Pt.
Decatur, GA, 30034
Phone: (404) 725-5697
Fax: (775) 320-3698

attyoaks@yahoo.com
*Attorney for Plaintiff*


/s/ Yaakov Saks
**Stein Saks, PLLC**
By:  Yaakov Saks
285 Passaic Street
Hackensack, NJ 07601
Phone: (201) 282-6500 ext. 101
Fax: (201)-282-6501
ysaks@steinsakslegal.com
pro hac vice pending